UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV422-072 |
| FEDERAL EXPRESS & FEDEX GROUND | ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Defendants removed this lawsuit, originally filed in the Superior Court of Chatham County, Georgia, to this Court based on its federal question jurisdiction. *See* doc. 1 at 1-2. Plaintiff has moved to remand, *see* doc. 8, defendants have responded, doc. 10, and plaintiff has replied, doc. 11. The motion is ripe for review.

**I.   BACKGROUND**

Plaintiff initiated this lawsuit by filing a "Notice of Filing Suit" in the Superior Court of Chatham County, Georgia on January 18, 2022. *See* doc. 1-1 at 3-4. In it, he named Federal Express and FedEx Ground as defendants, and alleged that he was "an employee of Fedex Ground located in Savannah, Georgia" and that he was "being continuously

bullied and discriminated against by the employer/employees." *Id.* He also alleged that "the E.E.O.C. closed the discrimination charge," *id.*, and attached a copy of his Charge of Discrimination with the Equal Employment Opportunity Commission, *id.* at 5-6. That initial filing contained no other allegations, and expressly noted that "Plaintiff will amend his complaint within the time prescribed by law." *Id.* at 3.

Plaintiff first supplemented his "Notice of Filing" on January 26, 2022, noting that "the E.E.O.C. made a decision with regards to a charge of discrimination but has not provided the said Plaintiff with a copy." Doc. 1-1 at 10. He attached his email correspondence with a representative of the EEOC. *Id.* at 12-13. Then, on January 31, 2022, he filed a copy of his EEOC Dismissal and Notice of Rights letter that was issued on January 14, 2022. *Id.* at 14-16.

Plaintiff filed his Amended Complaint in the Superior Court case on February 8, 2022. Doc. 1-1 at 18-20. In it, he expanded, albeit succinctly, on his prior allegations. *Id.* He alleged that he had been an employee of "Fedex Ground" since July 2020, and that throughout his employment he was "bullied on a consistent basis and discriminated against." *Id.* at 19. He further alleged that "after numerous

2

investigations by staff they continue to allow such conduct to continue," and that recently he had been "assaulted by another employee and staff allowed that individual to remain in the same department as [Futch] with constant bullying. . . ." *Id.* He also claimed that he had been "working on 54 trucks by himself that . . . required 'team lift,'" and that he "got injured." *Id.* He included no other allegations explaining the "conduct" at issue or, more importantly, how he was "discriminated against." *See generally id.* at 18-20.

On February 23, 2022, Futch filed an "Amendment to Plaintiff's Amended Complaint pursuant to Notice of his Filing Suit" in the Superior Court case. Doc. 1-1 at 41-42. That amendment appears to add no substantive allegations, but alleges that he served the Defendants with his "Notice of Filing Suit" "in accordance to the rules of this Court." *Id.* at 41. It also demands $950,000.00. *Id.* at 42. On March 1, 2022 he filed a Motion for Default Judgment and Brief in Support, arguing that the defendants had been served with process on January 27, 2022, and had failed to "file an answer or otherwise plead within 30 days." Doc. 1-1 at 45-46.

Defendants appeared in the Superior Court case by filing an Answer on March 10, 2022. Doc. 1-1 at 58-64. They also filed a Motion to Strike Plaintiff's Motion for Default Judgment and to Open any Default Judgment, *id.* at 65-68. In response, on March 14, 2022, Futch filed a "Response in Opposition to Defendants' Motion to Strike Plaintiff's Motion for Default Judgment and to Open any Default Judgment," *id.* at 73-75, and a "Response and Objections to Defendants' Verified Answer and Additional Defenses to the Amendment to Plaintiff's Amended Complaint," *id.* at 76-78. In the latter, he specified that "the underline [sic] of this action, is an E.E.O.C. complaint whereas the Plaintiff was discriminated against in the workforce while working at Fedex Ground. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any of the protected Classes . . . in any employment action . . . ." *Id.* at 76-77. He again refers to being "bullied to the extent he 'worked on 54 foot trucks' alone for a period of time," and then makes the observation that "a person [can] establish sexual harassment based on a hostile work environment without the need to show psychological or emotional harm." *Id.* at 77.

4

Defendants filed their Notice of Removal in this Court on March 30, 2022. *See* doc. 1. In it, they contend that Plaintiff first alleged that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964 in his March 14, 2022, filing. *Id.* at 2. Therefore, they assert, "[b]ased on Plaintiff's Response and Objections, this Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331 because the Complaint raises a federal question under Title VII." *Id.* They cite to 28 U.S.C. § 1446(b)(3) to support their contention that the removal is timely. *Id.* at 3.

Plaintiff initially filed his "Objections to Notice of Removal," arguing that Defendants' removal is untimely since it was not done within 30 days of service. Doc. 4. He then filed the Motion to Remand currently before the Court. Doc. 8. In it, he again argues that the removal was untimely, citing to 28 U.S.C. § 1446(b)(1), and asks for the case to be remanded, or, in the alternative, for "a hearing to establish the facts." *Id.* at 2.

Defendants argue that their removal is timely, because neither Plaintiff's initial filing nor his Amended Complaint identified any federal statute or cause of action on which Plaintiff's claims were based. Doc. 10

at 2-3. It was not until Plaintiff filed his response to their Answer that he first raised Title VII as the basis for his complaint. *Id.* at 3. Therefore, they argue the removal is timely under 28 U.S.C. § 1446(b)(3). In response, Plaintiff argues that removal was untimely since the defendants were "adequately served" and his "original complaint was evidenced by the record a product of discrimination premised on a E.E.O.C. complaint." Doc. 11 at 2.

## II. ANALYSIS

Under 28 U.S.C § 1441, a defendant may remove an action filed in state court to federal court if the action could have originally been brought in federal court. A removing defendant has the burden to establish federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir.2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n. 1 (11th Cir.2012) ( "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Defendants invoke this Court's federal question jurisdiction. Doc. 10 at 4-5.[1] Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim 'arises under' federal law 'is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint.'" *Dunlap v. G & L Holding Grp. Inc.*, 381 F.3d 1285, 1290 (11th Cir.2004) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Removing defendants must show that a federal question appears on the face of the plaintiff's complaint. *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

Plaintiff is correct that, generally, a removal notice must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (quoting 28 U.S.C. § 1446(b)) (internal quotation marks omitted). But where the removability of a case is not apparent from the complaint, a defendant has thirty days

---

[1] Defendants do not invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.

from its receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007). In evaluating the propriety of removal under § 1446(b), "the court considers the document received by the defendant from the plaintiff–be it the initial complaint or a later received paper–and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213. "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* at 1213 n.63.

The dispositive question, then, is when defendants first received a document containing such an unambiguous statement establishing this court's federal question jurisdiction. As discussed above, neither Plaintiff's initial Notice of Filing nor his Amended Complaint ever specifically allege a violation of federal law. They contain vague allegations that he has been bullied and harassed, and insinuate that he has been discriminated against, but never specifically identify a particular federal law which he contends the defendants violated. *See*

8

doc. 1-1 at 3-4, 18-20. Such vague references to harassment did not clearly demonstrate that Plaintiff was attempting to state a federal claim. *See Dixon v. Gwinnett Hosp. Sys., Inc.*, 2008 WL 11334202, at *2 (N.D. Ga. Aug. 26, 2008) *adopted* 2008 WL 11335128 (N.D. Ga. Oct. 2, 2008) (remanding harassment claim to State Court of Gwinnett County, Georgia, for lack of subject matter jurisdiction).

Plaintiff contends that his initial filing "was evidenced by the record of a product of discrimination premised on a E.E.O.C. complaint." Doc. 11 at 2. And certainly, the records from the Superior Court case contain documents related to that EEOC charge and investigation. *See* doc. 1-1 at 5-6, 12-13, 16. However, courts considering the issue have found that references to Title VII claims in documents attached to the complaint are insufficient to give rise to removal jurisdiction under 28 U.S.C. § 1441. *See Alim v. KBR, Inc.*, 2012 WL 12857421, at *3 (N.D. Tex. Mar. 15, 2012) (collecting cases). As the removing party, defendants would not have been able to carry their burden of demonstrating that a federal question "appeared on the face" of the initial Notice of Filing or the supplements to that filing. *Kemp*, 109 F.3d at 712.

Plaintiff first unambiguously stated that his claim arises under a federal statute, namely, Title VII of the Civil Rights Act of 1964, in his March 14, 2022, response to the defendants' Answer. Doc. 1-1 at 76-77. Under 28 U.S.C. § 1446(b)(3), defendants had thirty days from receipt of that filing to file their notice of removal. *Lowery*, 483 F.3d at 1213. They met that deadline, filing it on March 30, 2022. *See* doc. 1. Therefore, Plaintiff's Motion to Remand should be **DENIED**. Doc. 8.

### III.  RULE 26(f) AND REMOVAL COMPLIANCE

There are a few other matters that require attention. First, the parties were instructed by the Clerk that they must re-file any pending motions and responses previously filed in state court, because "THIS COURT WILL NOT SUA SPONTE TAKE UP MOTIONS FILED PRIOR TO REMOVAL DATE." Doc. 3 at 1 (emphasis in original). They were instructed to do so by April 14, 2022. *Id.* To date, no motions previously filed in the Superior Court of Chatham County have been re-filed in this Court. *See generally* docket. Any party who wishes this Court to take up any motions that were previously filed in the Superior Court case must re-file the motion and show cause why they failed to do so within the time provided by the Clerk's notice.

Next, the Court must address materials, styled as a letter to the undersigned and the presiding District Judge, submitted to the Court *ex parte* by Plaintiff.  This Court's Local Rules require that:

> Except in emergency situations where it is impossible to contact opposing counsel, and in those situations where it is contemplated by the Federal Rules of Civil Procedure that an *ex parte* motion or application . . . may be made to the Court, attorneys [and *pro se* parties] desiring to confer with a District Judge or Magistrate Judge of this Court in chambers relative to a case then pending shall first give proper notice to opposing counsel in the case disclosing the date, hour, and nature of the conference sought and shall satisfy the Judge, or Magistrate Judge, that such notice has been given.

S.D. Ga. L. Civ. R. 77.1.  Since it is not apparent from Plaintiff's correspondence that he complied with this Rule, the Court now informs defendants of the existence, if not the substance, of the communication. Although the Local Rule is explicit, Futch is advised that communications with the Court concerning a pending case must either be filed with the Clerk or occur only after good-faith attempts to notify opposing counsel.  He is also advised that this is a motions-driven Court and relief cannot be requested through informal mechanisms such as letters.  *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("Put another way, if a litigant seeks judicial action of any sort . . ., it must be contained within a motion arising from

11

a properly filed lawsuit."); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

Since it is not clear that Futch's communication should be maintained *ex parte*, the Court will require him to respond and **SHOW CAUSE** why the correspondence should not be placed on the public docket. He is **DIRECTED** to respond within fourteen days. Futch is advised that if he fails to respond timely, the correspondence will be placed on the public docket. His response should either be filed on the public docket or he should move to submit it under seal, pursuant to this Court's Local Rules. *See* S.D. Ga. L. Civ. R. 79.7. Responses and replies may be submitted pursuant to the Court's Local Rules. *See* S.D. Ga. L. Civ. R. 7.5-7.6.

Finally, counsel for defendants has filed a Rule 26(f) report. Doc. 15. That report, which is not signed by plaintiff, indicates that plaintiff objects to participating in discovery considering his pending motion to remand. *See generally id.* The parties are, therefore, **DIRECTED** to confer pursuant to Federal Rule of Civil Procedure 26(f) and submit a renewed Rule 26(f) Report within 21 days after the District Judge's final disposition of Plaintiff's motion to remand, should that ultimate

disposition result in this case remaining in this Court. They are advised that the conference and the Report must conform to Judge Baker's instructions. *See generally* doc. 2. The currently pending Rule 26(f) report is **DISMISSED**. Doc. 15.

## IV. CONCLUSION

Plaintiff's motion to remand should be **DENIED**. Doc. 8. Futch is **DIRECTED** to respond within fourteen days and **SHOW CAUSE** why correspondence he sent to the Court *ex parte* should not be placed on the public docket. Finally, the current version of the Rule 26(f) Report is **DISMISSED**. Doc. 15. The parties must confer and resubmit their Rule 26(f) report in accordance with the instructions above.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 3rd day of June, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA