IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN RANDALL FUTCH, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL EXPRESS and FEDEX GROUND, <br><br> Defendants. | CIVIL ACTION NO.: 4:22-cv-72 |

**O R D E R**

Before the Court is the Magistrate Judge's June 3, 2022, Report and Recommendation recommending that *pro se* plaintiff John Randall Futch's Motion to Remand be denied. (Doc. 17.) Futch filed objections, (doc. 18), Defendants responded, (doc. 20), and he replied, (doc. 21). After a careful de novo review, the objections are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 17), as its opinion. Plaintiff's Motion to Remand is **DENIED**. (Doc. 8.)

Futch's objections first re-assert his argument that the defendants' removal to this Court was untimely. (Doc. 18.) However, he does not point to any flawed reasoning in the Magistrate Judge's Report and Recommendation, other than his wholly conclusory statement that, because he attached a "Charge of Discrimination" to his Notice of Filing Suit, "[c]learly, the Defendants were well aware of a federal question therefore the Magistrate's assertions fails [sic]." (Id., p. 2). The Magistrate Judge addressed the existence of Equal Employment Opportunity Commission ("EEOC") documents in the Superior Court record and determined that they were "insufficient to give rise to removal jurisdiction under 28 U.S.C. § 1441." (Doc. 17, p. 9.) Therefore, it was not

until Futch clearly stated that his claims arise under Title VII of the Civil Rights Act of 1964 that the defendants were in receipt of "an unambiguous statement that clearly establishe[d] federal jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007). Futch has not cited to any authority that calls the Magistrate Judge's reasoning into question. (See generally doc. 18.)

Futch again cites to Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999) for the proposition that a removal notice must be filed within thirty days after receipt of the Complaint. (Doc. 18, p. 2.) But as the Report and Recommendation makes clear, "where the removability of a case is not apparent from the complaint, a defendant has thirty days from its receipt 'of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Doc. 17, p. 7-8 (quoting 28 U.S.C. § 1446(b)(3)).) As the Magistrate Judge explained in detail, the removability of this case was not apparent from Futch's initial filing. Futch does not contend that the defendants' removal notice was untimely as calculated from his first "unambiguous statement" of federal jurisdiction. Lowery, 483 F.3d at 1213 n.63. His objection raises no meritorious issue with the Report and Recommendation's analysis.

Futch's reply to the defendants' response to his objections similarly fails to provide any legal argument which alters the Magistrate Judge's analysis. (Doc. 21.) He asserts that the defendants "were well aware of a federal question" based on the charge of discrimination attached to his Notice of Filing Suit. (Id., p. 3.) However, he does not supply any legal authority to challenge the Magistrate Judge's determination that the EEOC documents, without more, were insufficient for the defendants to rely on to assert a federal question for removal purposes. (Id.) His vague criticisms of the defendants and their counsel is insufficient. (See generally id.)

2

For the foregoing reasons, Futch's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** as the Court's opinion, (doc. 17), and Plaintiff's Motion to Remand is **DENIED**, (doc. 8).   Additionally, the Magistrate Judge directed Futch to show cause why materials he submitted to the Court *ex parte* should not be placed on the public docket. (Doc. 17, p. 12.)   He has responded that "the ex parte document should be made public." (Doc. 19, p. 1.)   The Clerk is therefore **DIRECTED** to place Futch's correspondence on the public docket.   (Doc. 14.)   Finally, the parties are **DIRECTED** to confer and submit a Rule 26(f) report within 21 days of this Order in accordance with the Magistrate Judge's direction.   (Doc. 17, pp. 13-14,)

**SO ORDERED**, this 28th day of June, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA